**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jermaine Leontae CARLYLE,**
**Defendant-Appellant.**

**No. 16-12784**
**Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

(August 24, 2017)

Yvette Rhodes, Arthur Lee Bentley, III, Daniel George, James A. Muench, U.S. Attorney's Office, Tampa, FL, for Plaintiff-Appellee

Yvette Clair Gray, Federal Public Defender's Office, Tampa, FL, Stephen John Langs, Rosemary Cakmis, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, for Defendant-Appellant

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jermaine Carlyle appeals his 77-month sentence, imposed within the advisory guideline range, after pleading guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Briefly stated, the appeal presents three issues:

1. Whether the district court abused its discretion by denying Carlyle's motion to continue his sentencing hear-

ing until after the effective date of some amended Sentencing Guidelines;

2. Whether U.S.S.G. § 4B1.2(a)'s residual clause is unconstitutionally vague so that the district court erred by using Carlyle's prior convictions for "crimes of violence" to increase his base offense level; and

3. Whether the district court abused its discretion by improperly weighing the § 3553(a) factors and imposing a substantively unreasonable sentence.

We see no reversible error.

First, because the district court had the inherent authority to manage its docket and Carlyle had no right to be sentenced under a future Sentencing Guidelines amendment, the district court did not abuse its discretion by denying Carlyle's motion to continue sentencing until a date after the amendment's effective date. Second, because *Beckles v. United States,* —— U.S. ——, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), forecloses Carlyle's argument that *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), rendered U.S.S.G. § 4B1.2(a)'s residual clause unconstitutionally vague, the district court did not err by increasing his base offense level due to prior "crimes of violence." Third, because the district court addressed the § 3553(a) factors and Carlyle has not identified a specific error in the court's reasoning; the district court did not abuse its discretion by imposing a substantively unreasonable sentence.

AFFIRMED.